IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TASHAUNDA JACKSON, ) | FILED: AUGUST 13, 2008 |
| ) | 08CV4605 |
| Plaintiff, ) | JUDGE KENDALL |
| ) | MAGISTRATE JUDGE COX |
| v. ) | JFB |
| ) | |
| UNIFUND CCR PARTNERS, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COMPLAINT**

**INTRODUCTION**

1. Plaintiff, Tashaunda Jackson ("Plaintiff") brings this action to secure redress against an unlawful credit and collection practice engaged in by Defendant Unifund CCR Partners ("Unifund") that violates multiple provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*., ("FDCPA") in relation to their state court lawsuit filed against Plaintiff.

2. Plaintiff alleges that in the state court suit Unifund attached an affidavit that was not signed by a real person, but instead contains a computer generated signature, and as such the "affiant" has no knowledge and the statement in the affidavit that the "affiant" actually appear before the Notary Public is false thereby violating 15 U.S.C. §§ 1692e and e(10).

3. Plaintiff also complains that the exhibit Unifund attached to the state court complaint, "Unifund Statement" is mocked-up to appear that it was sent to the consumer prior to the lawsuit being filed as to attempt to create an account stated when in reality it is not sent to the consumer, only attached as an exhibit to the state court complaint and thereby violates 15 U.S.C. §§ 1692e and e(10).

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 15 U.S.C. §1692k (FDCPA). This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 as the conduct complaint of arises out of a common nucleus of operative facts, *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and having only one jury decide the same factual issues, "'best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine.'" *See City of Chicago v. International College of Surgeons* 522 U.S. 156, 172-73 (1997) (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

5. Venue and personal jurisdiction over Unifund in this District is proper because:

   a. Plaintiff resides in the Northern District of Illinois and was served with the state court complaint while residing in the Northern District of Illinois;

   b. The mails and interstate wire communications used to conduct the business of Unifund in communicating with its counsel, Blitt & Gaines P.C., occurred within the district.

   c. Unifund's collection activities occurred within the Northern District of Illinois.

**PARTIES**

6. Plaintiff is an individual who resides in Cook County, Illinois which is within the district.

7. Unifund is a general partnership under Ohio Law. Its principal place of

2

business is located at 10625 Techwoods Circle, Cincinnati, Ohio 45242. According to the Ohio Secretary of State's website Unifund's agent and its address is Unifund CCR Partners, 10625 Techwoods Circle, Cincinnati, Ohio 45242.

8. Unifund's partnership filing with the Ohio Secretary of State describes, in part, the nature of the business conducted as, "Debt Collection & Collection Services."

9. Unifund is "in the business of purchasing and collecting on consumer debt." *LeBlanc v. Unifund CCR Partners, G.P.*, 552 F. Supp. 2d 1327, 1329 (M.D. Fla. 2008).

10. The debts that Unifund purchases are in default at the time of purchase.

11. Unifund manages consumer receivables and contracts with a local attorney such as Blitt & Gaines, P.C. to sue the consumer in Unifund's name.

12. Unifund is a debt collector as defined in 15 U.S.C. § 1692a(6) in regard to its conduct complained of herein.

**FACTS**

13. Typically Unifund does not pay more than 10 cents ($.10) on the dollar for the accounts receivable it purchases. Dan Monk, Consumer debt? He loves it, Unifund thrives by taking on others' unpaid bills, to the tune of 12 billion, Business Courier of Cincinnati, Sept. 3, 2007, *available at* http://cincinnati.bizjournals.com/cincinnati/stories/2007/09/03/story2.html

14. Because of the low amount paid for consumers' debts, Unifund normally does not at the time of the purchase acquire admissible evidence to support its claim that the consumer actually is responsible for the debt, e.g. a contract signed by the consumer.

3

15. Because Unifund does not have normally in its possession admissible evidence that the consumer owes anything at the time it files suit against a consumer Unifund has created an "Unifund Statement" in an attempt to create an account stated.

16. On or about January 29, 2008, a lawsuit was filed in the name of Unifund against Tashaunda Jackson in the Circuit Court of Cook County, Illinois, Case Number 08 M1 106753, for the purpose of collecting on a purported credit card debt used for personal, family or household purposes in the individual's name. A copy of the state court complaint and the documents attached to it is attached hereto as <u>Exhibit 1</u>, Unifund's exhibit "Unifund Statement" is attached as <u>Exhibit 2</u> and Unifund's exhibit "Affidavit of Indebtedness" is attached as <u>Exhibit 3</u>.

17. Plaintiff has retained counsel and expended expenses in defending the state court lawsuit filed by Unifund.

18. <u>Exhibit 2</u> is devised to appear to be a statement sent to the putative debtor in the ordinary course of business. For example, it states at the bottom, "To receive credit for payments as of the date of receipt, we must receive your check or money order at [address]."

19. In truth and in fact, <u>Exhibit 2</u> is not sent to a consumer, except as an exhibit to the state court collection complaint.

20. <u>Exhibit 3</u> is the purported affidavit of "Kim Kenney" that was attached to Unifud's state court suit against Plaintiff.

21. The signature "KKenney" was affixed to the "Affidavit of Indebtedness" by a computer.

22. The signature "KKenney" was not affixed to the "Affidavit of

4

Indebtedness" by human hand.

## COUNT I
## FDCPA § 1692e CLAIMS

23. Plaintiff incorporates paragraphs 1-22 above.

24. 15 U.S.C § 1692e, in pertinent part, provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    * * *

    (2) The false representation of—
       (A) the character, amount, or legal status of any debt; or

    * * *

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt . . . .

25. Contrary to the statements in the affidavit, Exhibit 3, Kenny does do not have "personal knowledge" of Plaintiff's account.

26. The statement that Kenney has personal knowledge of Plaintiff's account is false in violation of 15 U.S.C §§ 1692e, e(10).

28. On information and belief the statement that "Kim Kenny" appeared before the notary public "Emily Blevins" and signed the "Affidavit of Indebtedness" is false.

29. Filing suit stating that one has knowledge of the facts when in fact that person does not have actual knowledge states a claim under the FDCPA. *Lockett v. Freedman*, 03 C 2992, 2004 U.S. Dist. LEXIS 6857 * 7 (N.D. Ill. Apr. 22, 2004).

30. Exhibit 3 is designed to falsely appear that the document had previously been sent to the consumer, and as such Unifund used false representations or deceptive means to

5

collect or attempt to collect a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

31. <u>Exhibit 3</u> falsely represents an account stated, thereby falsely stating the character of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

## COUNT II
## ILLINOIS COLLECTION AGENCY ACT

32. Plaintiff incorporates paragraphs 1-22 above.

33. Unifund is a "collection agency" as defined in the Illinois Collection Agency Act ("ICAA"), as amended effective January 1, 2008. *See* 225 ILCS 425/3(d).

34. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

35. Prior to Unifund obtaining a default judgment against Plaintiff in the state court case, Unifund was notified that such state court complaints like the one it filed against Plaintiff did not comport with ICAA §8b.

36. Prior to Unifund obtaining a default judgment against Plaintiff in the state court case, Unifund knew or should have know that it did not have a valid claim against Plaintiff as its claim failed to comport with the ICAA §8b.

## COUNT III
## ILLINOIS CONSUMER FRAUD ACT

41. Plaintiff incorporates paragraphs 1-24.

42. "[T]he Illinois Supreme Court has held that the same acts that are violations of the ICAA [Illinois Collection Agency Act] may also be violations of the ICFA [Illinois Consumer Fraud Act]." *Thomas v. Arrow Fin. Servs., LLC*, 05 C 5699, 2006 U.S. Dist. LEXIS 63156 * 17 (N.D. Ill. Aug. 17, 2006)(*citing People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill. 2d 1, 585 N.E.2d 51, 62, 165 Ill Dec, 655 (Ill 1991)).

6

43. Unifund did not have a legal right to file and prosecute the debt collection lawsuit against Plaintiff as its claim failed to comport with the ICAA §8b.

44. Filing suit without the legal right to do so is fundamentally unfair.

**WHERFORE**, Plaintiff requests this Honorable Court to enter judgment in favor of Plaintiff and against Unifund for:

(1) Statutory damages;

(2) Actual damages;

(3) Punitive damages;

(4) Attorney's fees, litigation expenses and costs of suit; and

(5) Such other relief as the Court deems proper.

Respectfully submitted,

s/ Curtis C. Warner
Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)

7

**JURY DEMAND**

Plaintiff demands a trial by jury.

                                              Respectfully submitted,

                                              s/ Curtis C. Warner
                                              Curtis C. Warner

Curtis C. Warner
Warner Law Firm, LLC
Millennium Park Plaza
155 N. Michigan Ave. Ste. 737
Chicago, Illinois 60601
(312) 238-9820 (TEL)

Laura K. Bautista
205 W. Monroe, 4th Floor
Chicago, IL 60606
(773) 512-5796 (TEL)

```
                              FILED: AUGUST 13, 2008
                              08CV4605
                              JUDGE KENDALL
                              MAGISTRATE JUDGE COX
                              JFB
```

# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

UNIFUND CCR PARTNERS  
        Plaintiff

vs.

TASHAUNDA JACKSON

        Defendant

No. **08 M1 106753**

Return Date: **FEB 2 6 2008**

contract  
Amount claimed: $3,513.87  
Plus court costs

## COMPLAINT

NOW COMES the Plaintiff, by and through its attorneys, Blitt and Gaines, P.C., and complaining of the Defendant(s), states as follows:

1. The Defendant(s) utilized a charge account and/or line of credit issued by Plaintiff or its assignors whereby Defendant(s) could charge goods and services to their account and/or receive cash advances.

2. The Defendant(s) subsequently defaulted by failing to pay for the indebtedness incurred resulting in the balance due Plaintiff of $3,513.87.

3. Due demand has been made on the Defendant(s) to pay this amount and the Defendant(s) have failed to do so.

WHEREFORE, Plaintiff prays for judgment against the Defendant(s) in the amount of $3,513.87 plus interest and court costs.

Blitt and Gaines, P.C.  
Attorney for Plaintiff  
661 Glenn Avenue  
Wheeling, IL 60090  
(847) 403-4900  
32887

This is an attempt to collect a debt and any information will be used for that purpose.

07-54345-0  
2976-00

# EXHIBIT 2

| ACCOUNT NUMBER | BALANCE AS OF 10/26/2007 | PAYMENT DUE DATE | MINIMUM PAYMENT | PAYMENT ENCLOSED |
|---|---|---|---|---|
| 6011007100634699 | 3,513.87 | PAST DUE | 3,513.87 | $ |

Make Checks Payable To Unifund

# UNIFUND STATEMENT

TASHAUNDA JACKSON

REDACTED

7-54345

### MESSAGE FROM UNIFUND

YOUR ACCOUNT IS PAST DUE $3,513.87. THE PAST DUE AMOUNT IS INCLUDED IN THE MINIMUM PAYMENT. PLEASE REMIT IMMEDIATELY. IF YOU HAVE ALREADY SENT A PAYMENT FOR THE ABOVE AMOUNT, THANK YOU.

**TRANSACTIONS:**

| Date | Transaction | Balance | Due | Payments | New Balance |
|---|---|---|---|---|---|
| 10/26/2007 | This Account Was Issued Under The Name Of DISCOVER CARD and Acquired From Palisades Acquisition XVI LLC. | 3,513.87 | 3,513.87 | 0 | 3,513.87 |

PROMPT CREDITING OF PAYMENTS. TO RECEIVE CREDIT FOR PAYMENTS AS OF THE DATE OF RECEIPT, WE MUST RECEIVE YOUR CHECK OR MONEY ORDER AT:

UNIFUND
10625 TECHWOODS CIRCLE
CINCINNATI, OH 45242

PAYMENTS RECEIVED AT THE ABOVE ADDRESS IN THE MANNER SPECIFIED AFTER THAT TIME WILL BE CREDITED TO YOUR ACCOUNT AS OF OUR NEXT BUSINESS DAY. THE CREDITING TO YOUR ACCOUNT OF PAYMENTS RECEIVED AT ANY LOCATION OTHER THAN THE ABOVE ADDRESS MAY BE DELAYED UP TO 5 DAYS OF RECEIPT.

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. FEDERAL LAW REQUIRES US TO INFORM YOU THAT THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT 3

# AFFIDAVIT OF INDEBTEDNESS

State of Ohio )
County of Hamilton ) ss.

Kim Kenney, being sworn, deposes and says that she is an authorized representative of Unifund CCR Partners, servicer, which is doing business at 10625 Techwoods Circle, Cincinnati, Ohio 45242, and that she is authorized to make the following statements and representations which are within her personal knowledge, and that she is competent to testify to the matters stated herein.

To the best of her knowledge the Defendant is not now in the Military Service as defined in the Soldier's and Sailor's Civil Relief Act of 1940 and amendments thereto.

There is due and payable from TASHAUNDA JACKSON, Account Number 6011007100634699, the amount of $3513.87.

This account was issued under the name of DISCOVER CARD and acquired from Palisades Acquisition XVI LLC. Said account has been forwarded to Blitt & Gaines PC, as attorney for Plaintiff Unifund CCR Partners assignee of Palisades Acquisitions XVI LLC, for the purpose of the commencement of a legal suit, with full power and authority to do and perform all acts necessary for the collection, adjustment, compromise or satisfaction of said claim as permitted by law.

I do solemnly declare and affirm under the penalties of perjury that the matters set forth above are true and correct to the best of my knowledge.

DATED this 10/29/2007

UNIFUND CCR PARTNERS

By: <u>Kim Kenney, Authorized Representative</u>
Title

<u>10625 Techwoods Circle, Cincinnati, OH 45242</u>
Address

I hereby certify that on 10/29/2007, before me, the subscriber, a Notary Public for the State/County aforesaid, personally appeared the above-stated affiant, and made oath in due form of law.

Notary Public

My commission Expires

758

EMILY BLEVINS
Notary Public, State of Oh.
Clinton County
My Commission Expires
January 30, 2010